WAFFORD, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

### Division Two, March 29, 1906.

1. **BILL OF EXCEPTIONS: Nonsuit.** A motion to set aside a nonsuit, and the action of the trial court upon it must be preserved by bill of exceptions.

2. ————: **Not Signed.** As the record in this cause fails to disclose any bill of exceptions duly signed and approved by the trial judge there is nothing before the court for review except the record proper.

Appeal from Barry Circuit Court.— *Hon. H. C. Pepper,* Judge.

AFFIRMED.

*Mrs. Iowa C. Wafford, pro se.*

*L. F. Parker* and *Woodruff & Mann* for respondent.

(1)  This case was brought to this court on full transcript of the record containing a copy of all record entries, copies of all pleadings, and a copy of what purports to be a bill of exceptions.  An examination, however, of this transcript will disclose to the court the fact that the purported bill of exceptions is not in fact a bill of exceptions, that it was never allowed and signed by the trial judge, and does not contain a copy of the motion to set aside nonsuit and grant plaintiff a new trial, etc., that it is, in fact, not a bill of exceptions at all.  This being true, there is nothing before this court to pass upon in this appeal but the record proper, and plaintiff not being entitled to judgment upon the record proper, the case will be affirmed.  Reno v. Fitz

Jarrell, 163 Mo. 411; Cooper v. Maloney, 162 Mo. 684; Roberts v. Jones, 148 Mo. 368; Klotz v. Perteet, 101 Mo. 213; State ex rel. v. Sanford, 181 Mo. 134; Reynolds v. Railroad, 146 Mo. 126. (2) In this connection we would also call the attention of the court to the fact that although appellant in her printed abstract sets out what purports to be a motion to set aside nonsuit and grant plaintiff a new trial filed in this case, and states that same was overruled, there is nothing to show that any exception was saved to this ruling of the court. This was necessary in order that the question be before this court for review. Ross v. Railroad, 131 Mo. 390; Meier v. Hinkson, 146 Mo. 458; State ex rel. v. Sanford, 181 Mo. 136.

FOX, J.—This cause is brought here by appeal on the part of the plaintiff from a judgment in the circuit court of Barry county, Missouri.

At the February term, 1903, of the Barry Circuit Court plaintiff brought her suit against the defendant in which she sought to recover damages against the defendant for the negligent killing of her husband, in the operation of its railroad. To the petition of plaintiff filed in this cause, defendant filed its answer, denying all of the allegations in the petition, except those which were expressly admitted, and further answering pleaded contributory negligence on the part of the deceased.

The cause was tried before the court with the aid of a jury, and at the close of the evidence on the part of the plaintiff the court sustained a demurrer to the evidence, whereupon plaintiff took a nonsuit, with leave to move to set the same aside.

In accordance with the leave, plaintiff filed her motion to set aside the nonsuit, which motion was by the court overruled, and judgment of nonsuit duly entered. From this judgment plaintiff prosecuted her appeal and the cause is now before us for consideration.

OPINION.

On an examination of what purports to be the record in this cause, we find that this cause is brought to this court upon what purports to be a full transcript. We have carefully examined the transcript on file and now before us and are unable to find in any part of it where the judge presiding at the trial of this cause allowed and signed what purports to be the bill of exceptions. The motion to set aside the nonsuit and the action of the court upon it must be and can only be preserved for review in this court by bill of exceptions, and the copy denominated by the clerk as the bill of exceptions nowhere contains the motion to set aside the nonsuit or the action of the court upon it, nor does it preserve any objections or exceptions to the action of the court in overruling the motion.

We have in this cause, in the first place, no bill of exceptions duly allowed and signed by the trial judge, and, secondly, no preservation of the motion to set aside the nonsuit and the action of the trial court upon it; hence, under the uniform and well-settled rules of practice in this State, there is nothing before us for review except the record proper. The motion to set aside the nonsuit and for a new trial can only be preserved in the bill of exceptions; the spreading of it on the record proper does not do so; hence even if the purported bill of exceptions as copied by the clerk had been duly allowed and signed by the trial judge, still unless the motion to set aside the nonsuit and for new trial was contained in it, the action of the court during the progress of the trial is not preserved.

The record proper in this cause presents no error which warrants this court in disturbing the judgment of the trial court, and it therefore should be affirmed, and it is so ordered.

All concur.